UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSUE I. RIVERA,

                Plaintiff,

                                                  **Hon. Hugh B. Scott**

                v.

                                                  **17CV1293**

                                                  **CONSENT**

COMMISSIONER,

                                                  **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 13 (plaintiff), 16 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 10 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 7).

## PROCEDURAL BACKGROUND

The plaintiff ("Josue Rivera" or "plaintiff") filed an application for disability insurance benefits on June 9, 2014 [R. 36]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated November 1, 2016, that the plaintiff was not disabled within the

meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on October 27, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on December 12, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 13, 16), and plaintiff duly replied (Docket No. 17). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff is a 30-year-old as of the onset date with a limited education and a GED [R. 44, 58]. He contends that he was disabled as of the onset date of January 1, 2012 [R. 36]. Plaintiff claims the following impairments deemed severe by the ALJ: obesity, depression, anxiety, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), degenerative disc disease of the low back [R. 38]. Plaintiff testified that he was six-foot tall and weighed 255 pounds [R. 58], but at one appointment he measured 5'9" and weighed 228 pounds, with a body mass index of 33.7 [R. 245 (on June 12, 2014)]. Plaintiff also claimed impairments from diarrhea, asthma, cataracts, and right-hand impairment [R. 39], but the ALJ found each was not severe [R. 39].

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff testified that he stopped working because of low back pain and numbness in his left leg [R. 42, 63]. He, however, told a mental health provider that he stopped working to help with his wife and children [R. 42, 298]. He said that he was referred to a chiropractor for his back pain but did not follow through [R. 42, 63]. Plaintiff also did not seek back surgery, receive physical therapy, injections, or medication for the back pain [R. 42, 61, 63].

2

Plaintiff was self-employed in soliciting (doing door-to-door dales for energy supplier) in 2012 to 2013 until the birth of his children [R. 59-61, 44]. His daily activities include making beds, other household chores, grocery shopping, feeding his children (the four-year-old and the three-year-old triplets), changing and helping his children dress [R. 42, 71, 68, 77]. Until June 2016, plaintiff was a church deacon with responsibilities including cleaning the church [R. 42, 78-79]. Prior to 2016, plaintiff drove himself before taking anxiety medication [R. 42, 68].

The ALJ found that plaintiff had a residual functional capacity to perform medium work, but limited to performing simple, routine work-related decisions; minimal changes to work routines and processes; and can have no strict production quotas [R. 41].

The ALJ found that plaintiff was unable to perform past relevant work as a solicitor [R. 44]. With this capacity, the inability to perform plaintiff's past work, and additional limitations to performing medium work, the vocational expert opined that a hypothetical claimant like plaintiff was able to perform such occupations as kitchen helper, cart attendant, and a janitor (all medium exertion work) [R. 45]. Plaintiff's counsel then asked the expert about additional limitations, taking additional, unscheduled breaks during the workday, and the expert concluded that this limitation would preclude all work [R. 86-87]. The ALJ then found that there was no medical evidence to support additional limitations [R. 45]. As a result, the ALJ held that plaintiff was not disabled [R. 45].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined

3

as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Specifically, whether there was substantial evidence for the residual functional capacity and whether the ALJ required medical providers' opinions to support the ALJ's findings. Plaintiff argues that the residual functional capacity is not based upon an opinion of any medical provider and is only based on the ALJ's lay opinion (Docket No. 13, Pl. Memo. at 14-20). Plaintiff argues that the only medical opinion in the record is from psychiatric consultative examiner, Dr. Janine Ippolito [R. 248-52], and psychiatric reviewing physician, Dr. M. Totin [R. 253-54] (Docket No. 13, Pl. Memo. at 17).

Defendant responds that the ALJ properly evaluated plaintiff's limitations and substantial evidence supports the residual functional capacity determination (Docket No. 16, Def. Memo. at 9-19). Defendant points out that plaintiff told a nurse practitioner that he stopped working as a solicitor after his wife gave birth to triplets in 2013 (id. at 10, 11-12; [R. 42, 68, 298]). Plaintiff worked at the substantial gainful activity-level after the onset date (Docket No. 16, Def. Memo. at 11; [R. 43, 59-60, 162-63]), with that work requiring walking up and down streets despite his claims of back pain and leg numbness (Docket No. 16, Def. Memo. at 11; [R. 59-60]). Plaintiff ceased working for non-impairment reasons (Docket No. 16, Def. Memo. at 11). Defendant also points to plaintiff serving as a deacon from the onset date to June 2016, with church duties including cleaning the church (Docket No. 16, Def. Memo. at 14; [R. 42, 78]). Defendant also notes that plaintiff was inconsistent in seeking treatment for his back pain, for example not pursuing physical therapy or seeing a chiropractor (id. at 12; [R. 42, 63]). Having received (or declining to receive) conservative treatment, defendant concludes the ALJ properly found that

plaintiff was not disabled (Docket No. 16, Def. Memo. at 12). While plaintiff objects to the limited medical record, defendant points out that the ALJ considered the clinical observations of Dr. Julie Thomas [R. 43, 244].

Plaintiff replies that his objection is that the ALJ rendered her findings not based on any medical provider's opinion but is based on her lay opinion (Docket No. 17, Pl. Reply Memo. at 2).

As for plaintiff's argument that the residual functional capacity was not based on a medical opinion, defendant argues that the ALJ can find the residual functional capacity based upon the entire record (Docket No. 16, Def. Memo. at 15), 20 C.F.R. § 416.945(a)(3). This entire record includes plaintiff's lack of treatment for the disabling symptoms, his statement to a medical provider that he was not working for reasons other than his impairments [R. 298], plaintiff's ability to work a full-time job following the onset date (Docket No. 16, Def. Memo. at 15; see also id. at 8).

Unlike many of these Social Security appeals, the record totals 366 pages (Docket No. 10, Admin. Record), of which medical records for plaintiff's back and leg numbness impairments consists of 11 pages [R. 243-46, 278-80, 328, 333-35, 345-47]. On June 4, 2015, plaintiff denied back pain to Dr. Cary Vastola except bulging disc in the low bank and denied any numbness [R. 345]. Plaintiff later saw Dr. Vastola on March 9, 2016, denied any back pain or numbness [R. 334]. When there is no competent medical opinion on residual functional capacity there is a "significant and obvious gap in the evidentiary record," Covey v. Colvin, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (Wolford, J.). The ALJ cannot reach a conclusion of a residual functional capacity "only on bare medical evidence," id.; see Gross v. Astrue,

No. 12CV6207, 2014 U.S. Dist. LEXIS 63251, at *18 (W.D.N.Y. May 7, 2014) (Payson, Mag. J.).

Although the ALJ assessed plaintiff's MRI of the lumbar spine [R. 43, 266], this finding was based upon Dr. Thomas Mason's MRI examination [R. 266]. The ALJ claims she fully considered plaintiff's obesity [R. 43], but only referred to consultative psychological examiner Dr. Ippolito's assessment [R. 248-52].

The ALJ must assess plaintiff's residual functional capacity "based on all the relevant evidence in your case record," 20 C.F.R. § 416.945(a)(1) (see Docket No. 16, Def. Memo. at 16). The record here shows that plaintiff did not stop working due to his impairments and continued daily activities (child care for triplets, deacon at a church) despite the impairments. Plaintiff's physical examinations did not have complaints of low back or leg numbness. The ALJ's assessment here is not her lay opinion of plaintiff's medical condition but an assessment of his total circumstances. The fact that plaintiff performed work and daily activities and the medical record support the residual functional capacity finding. Plaintiff's motion, thus, is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 9) judgment on the pleadings is **denied**, and defendant's motion (Docket No. 13) for judgment on the pleadings is **granted**. Thus, the decision of the defendant Commissioner is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

s/Hugh B. Scott
                                    _____
                                       Hon. Hugh B. Scott
                                 United States Magistrate Judge

Buffalo, New York
April 17, 2019